STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0947

ARTHUR FROEBA, III AND BROOKE THOMPSON

VERSUS

CONSTABLE DONALD MARSHALL

*Judgment Rendered:*   FEB 2 1 2025

* * * * * * * *

Appealed from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Case No. 2015-0003788, Division E

The Honorable Brenda Bedsole Ricks, Judge Presiding

* * * * * * * *

Paul A. Lea, Jr.
Covington, Louisiana

Counsel for Plaintiffs/Appellants
Arthur Froeba, III and
Brooke Thompson

James B. Mullaly
New Orleans, Louisiana

Counsel for Defendant/Appellee
Constable Donald "Don" L.
Marshall, Jr.

* * * * * * * *

BEFORE:  THERIOT, HESTER, AND EDWARDS, JJ.

**THERIOT, J.**

This appeal is taken from a judgment dismissing plaintiffs' suit as abandoned. For the reasons set forth herein, we reverse.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs, Arthur Froeba, III and Brooke Thompson, filed the instant suit against Constable Donald Marshall on December 23, 2015, asserting a claim for damages resulting from Marshall's alleged violation of state law and their civil rights. Marshall filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Louisiana, and on April 8, 2016, the trial court issued an order staying all proceedings in this matter until the issuance of a ruling in Marshall's bankruptcy proceeding. The bankruptcy stay was subsequently lifted on November 28, 2016 by the Bankruptcy Court "so that the suit pending in state court entitled *21st JDC for the Parish of Tangipahoa, State of Louisiana[,] No. 2015-0003788[,] Div. E Arthur Froeba, III and Brooke Thompson versus Constable Donald Marshall* can proceed to final judgment, but the parties may not execute any final judgment entered."

Following the lifting of the bankruptcy stay, plaintiffs filed a motion for a status conference to set the instant suit for trial on the merits, and a status conference was scheduled for January 25, 2017. On September 7, 2018, plaintiffs filed a motion for partial summary judgment, which was denied by the trial court at the conclusion of a May 28, 2019 hearing.

No further action was taken in the instant suit after the May 28, 2019 denial of plaintiffs' motion for partial summary judgment until September 14, 2021, when plaintiffs filed a motion to recuse all judges in the 21st Judicial District Court based on an alleged conflict of interest arising from the fact that Marshall "is an elected Parish official who has and will appear in his official capacity before courts of this

2

Parish." A hearing was held on plaintiffs' motion to recuse on October 29, 2021, following which the motion was denied.

Following the denial of their motion to recuse, plaintiffs filed another motion for a status conference on July 15, 2022, seeking to set the matter for trial, and the trial court set the matter for a status conference on September 8, 2022. Plaintiffs also filed a "Rule to Establish Facts and Strike Defenses and Reconventional Demand via Res Judicata," on June 1, 2023, which was set for hearing by the trial court on July 17, 2023.

On July 13, 2023, Marshall filed a motion to dismiss the instant suit as abandoned pursuant to La. C.C.P. art. 561 based on the fact that the parties took no steps in the prosecution or defense of the case between May 28, 2019 and May 28, 2022. The trial court granted the motion and dismissed plaintiffs' suit with prejudice on grounds of abandonment.[1]

Plaintiffs appealed the dismissal of their suit, arguing that the trial court erred in dismissing their suit for abandonment because their motion to recuse was a step in the prosecution of the action and because the active litigation in bankruptcy court prevented abandonment in state court.

## DISCUSSION

A suit is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561(A)(1). In order to avoid abandonment: (1) a party must take some "step" in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party. *Williams v. Montgomery*, 2020-01120, p. 5 (La. 5/13/21), 320 So.3d 1036,

---

[1] The trial court initially denied the motion to dismiss following a hearing at which Marshall was not present; however, Marshall filed a motion to reconsider his motion to dismiss, and the trial court granted the motion and dismissed the suit following a hearing on the matter.

3

1041. A "step" is a formal action before the court by either the plaintiff or defendant that is intended to hasten the suit toward judgment or the taking of formal discovery. *Williams*, 2020-01120 at p. 5, 320 So.3d at 1041. Abandonment occurs automatically on the passing of three years without a step being taken by either party and is effective without court order, but on ex parte motion of any party or other interested person by affidavit that states that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. La. C.C.P. art. 561; *Hancock Bank of Louisiana v. Robinson*, 2020-0791, pp. 4-5 (La.App. 1 Cir. 3/11/21), 322 So.3d 307, 311.

The Louisiana Supreme Court has noted that the purpose of Article 561 is the prevention of protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. Abandonment is not a punitive concept; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay; and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. *Williams*, 2020-01120 at p. 5, 320 So.3d at 1041. Article 561 is to be liberally construed in favor of maintaining a plaintiff's action, and any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. Nevertheless, while the intention of Article 561 is not to dismiss actions as abandoned based on technicalities, abandonment is warranted where the plaintiff's inaction during the three-year period has clearly demonstrated his abandonment of the action. *Williams*, 2020-01120 at p. 5, 320 So.3d at 1041. Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively-designated extended period of

4

litigation inactivity establishes the intent to abandon such claims. When the parties take no steps in the prosecution or defense of their claims during that legislatively ordained period, the logical inference is that the party intends to abandon the claim, and the law gives effect to this inference. *Williams*, 2020-01120 at pp. 5-6, 320 So.3d at 1041.

Whether a step in the prosecution or defense of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis; by contrast, whether a particular act, if proven, interrupts abandonment is a question of law that is examined by ascertaining whether the trial court's conclusion is legally correct. *Williams*, 2020-01120 at p. 6, 320 So.3d at 1042.

In this case, plaintiffs urge that their filing of the motion to recuse was a step in the prosecution of their case that interrupted the abandonment period. On the other hand, Marshall argues that the plaintiffs' motion to recuse was not a step in the prosecution of the matter because the motion to recuse was untimely and frivolous and was not a formal action intended to hasten the matter toward judgment.

Although this Court has held that a judge's self-recusal is not a step in the prosecution of the matter that would interrupt the abandonment period, we can find no authority, and Marshall has cited none, to support his argument that the *filing of a motion to recuse by a party* is not a step in the prosecution of the matter. In *McNealy v. Englade*, this Court held that a trial court judge's self-recusal was not a step in the prosecution or defense of the matter because the "step" was taken by the court on its own motion, rather than in response to an action taken by a party. *McNealy v. Englade*, 2019-0573, pp. 6-7 (La.App. 1 Cir. 2/21/20), 298 So.3d 182, 187. The court in *McNealy* explained:

> [A]n action taken by the trial court is a "step" in the prosecution or defense when it acts in response to an action taken by a party, thereby completing that party's step. However, a step taken by the court on its

5

own motion, such as the trial court's order of self-recusal in this matter, is not a step that interrupts the period of abandonment.

*McNealy*, 2019-0573 at p. 7, 298 So.3d at 187.

The instant case is distinguishable from *McNealy* in that the "step," i.e., the filing of a motion to recuse, was taken by a party, not by the trial court, and the trial court's actions in holding a hearing on the motion and subsequently denying the motion were in response to an action taken by a party. Nevertheless, Marshall urges that plaintiffs' motion to recuse should not be considered a step in the prosecution of the matter because it was untimely and frivolous and was not intended to hasten the matter toward judgment.

Despite Marshall's argument that the plaintiffs' motion to recuse was untimely and frivolous and therefore should not qualify as a step in the prosecution of the action, Article 561 contains no such requirement for a party's action to interrupt the abandonment period. Article 561 requires only that a party take "any step" in the prosecution or defense of the action within the abandonment period and that the step appear in the record of the suit (with the exception of formal discovery). See La. C.C.P. art. 561. Pertinent to this suit, "step" has been interpreted to mean a formal action before the court that is intended to hasten the suit toward judgment. Prior to filing the motion to recuse, plaintiffs twice filed motions to set the matter for trial. According to plaintiffs' counsel, he later became concerned by statements made by Marshall that he (Marshall) "had undue influence in the parish political system" that would prevent the plaintiffs' suit from going forward, and as a result, counsel for plaintiffs felt that he should file the motion to recuse to "test the waters to see whether that was true and to see whether or not . . . the hearing judge thought there was any basis in that fact." Although the motion to recuse was ultimately denied, its filing and the court's consideration and

6

action taken on it moved the matter along toward trial and, ultimately, judgment.[2]

In light of the fact that Article 561 is to be liberally construed in favor of maintaining a plaintiff's action, we conclude that the plaintiffs' motion to recuse, filed in the record of this matter, was a step in the prosecution of the action that interrupted the abandonment period. Further, the plaintiffs' filing of the motion prompted additional actions to be taken by the court, including the appointment and hearing of the motion by an ad hoc judge and the issuance of a judgment disposing of the motion, which were also steps in the prosecution of the matter. See *McNealy*, 2019-0573 at p. 7, 298 So.3d at 187. Accordingly, the trial court's dismissal of plaintiffs' action as abandoned was in error, and must be reversed.[3]

## DECREE

For the reasons set forth herein, the March 3, 2024 trial court judgment dismissing the suit of Arthur Froeba, III and Brooke Thompson as abandoned is reversed. Costs of this appeal are assessed to defendant, Constable Donald Marshall.

**REVERSED.**

---

[2] Cf *Board of Supervisors of Louisiana State University & Agricultural & Mechanical College v. Bickham*, 2023-01364, pp. 12-13 (La. 10/25/24), 395 So. 3d 792, 803 (A joint motion to continue without date evidences that neither party is hastening the matter toward judgment).

[3] Due to our disposition of this matter, we pretermit discussion of plaintiffs' remaining assignment of error.